# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

### Julia F. Soussis
### Appellant

### v.

### Michael J. Macco, Chapter 13 Standing Trustee and
### The Office of The United States Trustee
### Appellees

---

### 20-cv-05673-JMA

### Co-Appellee Brief

**Peter Corey, Esq., Staff Attorney**
**Michael J. Macco, Chapter 13 Standing Trustee**
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900
pcorey@maccolaw.com

## **TABLE OF CONTENTS**

Table of Authorities..................................................................................1

Basis of Appellate Jurisdiction  ...................... .......................2

Statement Regarding Issue on Appeal....................................................... 2

Summary Statement of the Case................................................................3

Applicable Standard of Appellate Review.................................................4

Argument  ...............................................................................................6

      I.      The Bankruptcy Court correctly denied Debtor's request for disgorgement ..............................................................6

            A.    The trustee is entitled to his percentage fee from "all payments received" pursuant to 11 U.S.C. §586.............................7

            B.    A careful reading of 11 U.S.C. §1326 does not change the analysis......................................................................10

            C.    Appellant's Motion to Disgorge was procedurally improper...15

      II.     The Bankruptcy Court correctly denied the request for attorney's fees....................................................................17

Conclusion................................................................................18

## TABLE OF AUTHORITIES

### CASES

KLG Gates LLP v. Brown, 506 B.R. 177, 189 (E.D.N.Y. 2014) ......................................................5

In re Bethlehem Steel Corp., 02-cv-2854, 2003 U.S. Dist. LEXIS 12909, at *20 (S.D.N.Y. 2003) ..............................................................................................................................................5

HSBC Bank USA, N.A. v. Zair, 550 B.R. 188, 192 (E.D.N.Y. 2016) ............................................5

In re Miner, 229 B.R. 561, 564 (2d. Cir. B.A.P. 1999) ................................................................5

In re Blaise, 219 B.R. 946, 950 (2d. Cir. B.A.P. 1998) ...............................................................5

Nardello v. Balboa (In re Nardello) 514 B.R. 105, 110 (D.N.J 2014)......................7,8,9,11,12

In re Jackson, 321 B.R. 94 (Bankr. S.D.Ga. 2005)......................................................................8

In re Turner, 168 B.R. 882 (Bankr. W.D. Tex. 1994)...........................................................8,11,12

In re Acevedo, 497 B.R. 112 (D.N.M. 2013).........................................................................12,13

In re Evans 615 B.R. 290 (Bankr. Idaho 2020)............................................................................13

Lopez-Stubbe v. Rodriguez-Estrada (In re San Juan Hotel Corp.), 847 F.2d 931, 939 (1st Cir. 1988).............................................................................................................................................15

Eresian v. Koza (In re Koza), 375 B.R. 711, 718 (1st Cir. B.A.P. 2007)............................16

In re Sarnovsky,436 B.R. 461 (Bankr. N.D. Ohio 2010)...............................................................16

Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132 (2d Cir. 1994)....................................................................................................................16

United States v. Crispo, 306 F.3d 71 (2d Cir. 2002)...............................................................17

Cromelin v. United States, 177 F.2d 275, 277 (5th Cir.1949)........................................................17

Fouts v. United States, 67 F.2d 249 (5th Cir. 1933)

### STATUTES

28 U.S.C. § 158(a)........................................................................................................................5

Fed. R. Bankr. P. 8013.................................................................................................................5

28 U.S.C. 586...............................................................................................................................7

11 U.S.C. 1326............................................................................................................................10

Fed. R. Bankr. P. 5009................................................................................................................15

28 U.S.C. §2675(a).......................................................................................................................17

## BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction under 28 U.S.C. §158(a) of the Bankruptcy Code over an appeal from a final order of the Bankruptcy Court.  Jurisdiction in the District Court vests pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and 28 U.S.C. §158(a)(1) from a final order of the Bankruptcy Court.

## ISSUES PRESENTED ON APPEAL

1.     Whether the Bankruptcy Court correctly denied Debtor's motion to disgorge the Chapter 13 Trustee's statutory fees, where the Debtor's case was voluntarily dismissed prior to confirmation of a plan.

2.     Whether the Bankruptcy Court correctly denied Debtor's request for attorneys' fees under the Federal Tort Claims Act.

## SUMMARY STATEMENT OF THE CASE

Debtor/Appellant, Julia F. Soussis (hereinafter "Appellant") has filed six (6) Chapter 13 bankruptcy proceedings in the Bankruptcy Court for the Eastern District of New York and has failed to confirm a plan in each of those proceedings.

The most recent bankruptcy proceeding, which prompted this appeal, was commenced by the Appellant filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 20, 2019 (the "Filing Date").

Appellee/Trustee, Michael J. Macco, Esq. (hereinafter "Trustee" or "Appellee") is a Chapter 13 Standing Trustee in this District and was appointed Chapter 13 Trustee of the Debtor's estate.

The underlying Bankruptcy proceeding was pending for 14 months, throughout which, the Appellant and Chase Mortgage Holdings (hereinafter "Chase") engaged in motion practice and hearings relating to Appellant's objection to the proof of claim filed by Chase.

Ultimately, by order of the Bankruptcy Court dated June 30, 2020, Appellant's bankruptcy proceeding was dismissed at her request. As stated, the most recent case was Appellant's sixth (6) Chapter 13 proceeding to be pending in this District and, like the five cases to come before it, was dismissed without having successfully confirmed a plan.

Appellant's proposed plan had provided for lump sum payments to the Trustee, in addition to monthly plan payments. This was due to the fact that pursuant to the claim filed by Chase, the

3

arrears on her mortgage totaled $453,783.76, pursuant to the claim filed by Chase (the claim was subsequently amended to indicate a cure amount of $778,565.77).

In total, the Appellant paid $362,100.00 to the Trustee under the provisions in her proposed chapter 13 plan. Upon dismissal of this proceeding, the Trustee returned all monies paid in, under to the plan, less the percentage fee outlined in 28 U.S.C. 586(e).

Subsequent to the dismissal of her Chapter 13 proceeding, by motion dated August 11, 2020 the Appellant brought a Motion for disgorgement of all the fees paid to the Chapter 13 Trustee by the Debtor and for the reimbursement of attorney's fees pursuant to the Federal Tort Claims Act and other relief (the "Motion for Disgorgement") and argued that due to the fact that her case was dismissed prior to confirmation of a plan, the Trustee should not be entitled to the percentage fee contained in 28 U.S.C. 586(e).

Trustee filed a Chapter 13 Trustee Final Report and Account for Dismissed Case on October 2, 2020. There was no objection filed by any party to this report.

The Trustee and the United States Trustee's office filed opposition to the Motion for Disgorgement and a hearing on the same was held on September 10, 2020.  Appellant's Motion was denied by Memorandum Decision Denying Debtor's Motion Seeking Disgorgement of the Chapter 13 Trustee's Fees And Reimbursement of Attorney's Fees dated November 12, 2020.

Appellant filed a Notice of Appeal in this proceeding on November 13, 2020.

4

**STANDARD OF REVIEW**

"This Court is vested with appellate jurisdiction over 'final judgments, orders, and decrees' of the Bankruptcy Court. See 28 U.S.C. § 158(a); see also Fed. R. Bankr. P. 8013; *KLG Gates LLP v. Brown*, 506 B.R. 177, 189 (E.D.N.Y. 2014) (Spatt, J.). The Court reviews the Bankruptcy Court's legal conclusions, including determinations on matters of statutory construction, de novo. *See, In re Bethlehem Steel Corp.*, 02-cv-2854, 2003 U.S. Dist. LEXIS 12909, at *20 (S.D.N.Y. 2003) (citing *In re Air Crash Off Long Island, New York*, 209 F.3d 200, 202 (2d Cir. 2000))". *HSBC Bank USA, N.A. v. Zair*, 550 B.R. 188, 192 (E.D.N.Y. 2016)

This Court reviews a bankruptcy court's findings of fact under the clearly erroneous standard and legal conclusions *de novo. In re Miner*, 229 B.R. 561, 564 (2d. Cir. B.A.P. 1999). "A bankruptcy court [] abuses its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." *In re Blaise*, 219 B.R. 946, 950 (2d. Cir. B.A.P. 1998).

**ARGUMENT**

**I.      THE BANKRUPTCY COURT CORRECTLY DENIED DEBTOR'S MOTION
FOR DISGORGEMENT**

The Bankruptcy Court correctly denied the Debtor/Appellant's Motion for Disgorgement. Judge Grossman's decision: (1) recognized the plain meaning of the language contained in the relevant statutes; (2) recognized the change to 11 U.S.C. §586 made in 1986; and (3) coincides with both how the Chapter 13 system works and the general framework of the Bankruptcy Code. Appellant's position fails on each of these accounts and further leads to absurd results.

In essence, the Chapter 13 Trustee Program is a self-funded system, funded through payments received by chapter 13 standing trustees throughout this country. A chapter 13 standing trustee's fiscal year runs from October 1 through September 30. On or about July first of every year, the Chapter 13 Standing Trustee submits an estimate of receipts and expenses for the following year. Thereafter, the United States Trustee's office sets a percentage fee for all cases based upon projected receipts and expenses. This percentage fee fluctuates throughout the year and is adjusted based upon those receipts and expenses. The percentage fee provides compensation to the Chapter 13 Standing Trustee and covers the Trustee's office and other necessary expenses outlined in a budget which is approved by the United States Trustee's office.

**A. The Trustee is entitled to his percentage fee from "all payments received" pursuant to 11 U.S.C. §586**

Since its enactment, 28 U.S.C. §586 has provided the framework for compensation of standing trustees and their offices. This statute was amended to its present form as part of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub. L. No. 99-554. See, *Nardello v. Balboa (in re Nardello)* 514 B.R. 105, 110 (D.N.J 2014). In its present form, Section 586 provides, in pertinent part:

**28 U.S.C. §586**

> (e)(1) The Attorney General, after consultation with a United States trustee that has appointed an individual under subsection (b) of this section to serve as standing trustee in cases under chapter 12 or 13 of title 11, shall fix-
>
> > (A)    a maximum annual compensation for such individual consisting of-
> > > (i)    an amount not to exceed the highest annual rate of basic pay in effect for level V of the Executive Schedule; and
> > > (ii)    the cash value of employment benefits comparable to the employment benefits provided by the United States to individuals who are employed by the United States at the same rate of basic pay to perform similar services during the same period of time; and
>
> > (B) a percentage fee not to exceed-
> > > (i) in the case of a debtor who is not a family farmer, ten percent; or…
>
> > based on such maximum annual compensation and the actual, necessary expenses incurred by such individual as standing trustee.
>
> (2) **Such individual shall collect such percentage fee from all payments received** by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee (emphasis added). Such individual shall pay the

7

United States trustee, and the United States trustee shall deposit in the United States Trustee System Fund-

(A)    any amount by which the actual compensation of such individual exceeds 5 per centum upon all payments received under plans in cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee; and

(B)    any amount by which the percentage for all such cases exceeds-
        (i)    such individual's actual compensation for such cases, as adjusted under subparagraph (A) of paragraph (1); plus
        (ii)    the actual, necessary expenses incurred by such individual as standing trustee in such cases. Subject to the approval of the Attorney General, any or all of the interest earned from the deposit of payments under plans without regard to the percentage limitation contained on subparagraph (d)(1)(B) of this section. *(Emphasis added.)*

Prior to its amendment in 1986, the language of Section 586(e)(2) was different. Prior to the amendment, section 586 (e)(2), provided "Such individual shall collect such percentage fee from all payments under plans in the cases under chapter 13 of title 11 for which such individual serves as standing trustee." *See, Nardello*. The amendment to the statute in 1986 made a significant change to how standing trustees collected the percentage fee.  Since the amendment, standing chapter 13 trustees receive their percentage fees upon receipts, on the front end, and not upon disbursements.

"Importantly, the language of Section 586(e)(2) as amended directs the fee to be collected from 'all payments received by [the trustee] under plans' as opposed to "all payments under plans." *See Nardello* at 110.

> "Pub. L. 95-598, Title 11, sec. 224(a), 92 Stat. 2663. Sections 586(e)(1)(B) and (e)(2) were amended to their present form as part of the Bankruptcy Judges, U.S. Trustees, and Family Farmer Bankruptcy Act of 1986, Pub. L. No. 99-554. The most significant change is that under subsection (e)(2), the fee is now

> to be collected from payments received by the
> Trustee rather than from payments under the plan."

*In re Jackson*, 321 B.R. 94 (Bankr. S.D.Ga. 2005), *See also, In re Turner*, 168 B.R. 882 (Bankr.

W.D. Tex. 1994) (holding that "payments under a plan must include a component for the

trustee's percentage fee, because the trustee is required to deduct this fee from 'payments

received.'"). Thus, both the straight-forward, clear language of §586 (as amended), and the intent

behind the amendment to §586 was to allow standing chapter 13 trustees to be paid upon receipts

as opposed to being paid on disbursements, as it had previously.

Furthermore, the statute makes no distinction between cases that are confirmed and not

confirmed. Section 586 is noticeably devoid of any language conditioning the collecting of the

percentage fee upon confirmation of 'plans.' Instead, the statute clearly states that the trustee

"**shall** collect such percentage fee from **all payments received** by such individual under plans in

the cases for which such individual serves as standing trustee." 28 U.S.C. 586(e)(2) (emphasis

added). It is clear that Congress could have easily qualified the term 'plans' with 'confirmed' to

read: 'confirmed plans' if there were to have been a distinction, as they have done in other

sections of the code (see, 11 U.S.C. 1307(c)(6) and (8)), but they did not. For if Congress had

conditioned the the language in this way, it would have had the effect of negating the amendment

in the first place.

"The plain language of Section 586, directs the standing trustee to collect a percentage

fee based on 'all payments received' by the trustee and this language makes payment of the

percentage fee mandatory. Such an interpretation is consistent with the 1986 amendments which

directed that the fee be collected from 'all payments received by [the trustee] under plans' as

opposed to 'all payments under plans'. To give effect to this change, the Court must conclude

that 'all payments received' is not synonymous with 'all payments under plans' and includes

payments received by the standing trustee for the percentage fee." *Nardello* at 111.

Appellant's argument, does not give meaning to the clear language of the statute and

would render the change in statutory language meaningless. If it is held that the trustee is not to

be paid the percentage fee in dismissed cases, then there is no discernable difference between

being paid on disbursements and being paid on receipts. It is clear that Congress has provided

that the percentage fee should be paid on the front end.  Appellant's argument completely

ignores the unconditioned language of Section 586 and furthermore, it completely disregards the

amendment to the statute that clearly aimed to change the way the percentage fee is paid. The

only way to read section 586 and give meaning to the amendment to the statute is to hold that

standing chapter 13 trustees receive the percentage fee based upon all payments received,

regardless of whether the case is confirmed or dismissed prior to confirmation.


**B.  A careful reading of 11 U.S.C. §1326 does not change the analysis**

Appellant seemingly takes the position that the language of 11 U.S.C. 1326 alters the

clear language of 28 U.S.C. 586, however, the Trustee's position that the percentage fee is

collected on all cases, is only one way to read the statues harmoniously. 11 U.S.C. 1326

provides, in pertinent part:

**Section 1326 payments**

> (a)      (1) Unless the court orders otherwise, the debtor shall
> commence making payments not later than 30 days after the date
> of the filing of the plan or the order of relief, whichever is earlier
> in the amount-
>
>                          ...
>
> (2) A payment made under paragraph (1)(A) shall be
> retained by the trustee until confirmation or denial of confirmation.

If a plan is confirmed, the trustee shall distribute any such payment
in accordance with the plan as soon as practicable. If a plan is not
confirmed, the trustee shall return any such payments not
previously paid and not yet due and owing to creditors pursuant to
paragraph (3) to the debtor, after deducting any unpaid claim
allowed under section 503(b).

...

(b)     **Before** or at the time of each payment to creditors under
the plan, there shall be paid-
    (1) any unpaid claim of the kind specified in section
507(a)(2) of this title;
    (2) if a standing trustee appointed under 586(b) of title 28 is
serving in the case, the percentage fee fixed for such standing
trustee under section 586(e)(1)(B) of title 28; … (*emphasis added*)

Various courts have struggled with the seemingly conflicting language of 28 U.S.C. 586

and 11 U.S.C. 1326.  However, as the District Court for the Central District of New Jersey held

in the *Nardello* case, there is only one reading that can give meaning to all the relevant sections

at issue.

"Section 1326(b) directs the percentage fee to be paid at or before the time of 'each

payment to creditors under the plan.' As such, there is a clear distinction between 'payments

received' by the trustee under plans in Section 586 and 'payment to creditors under the plan' in

Section 1326." *See, Nardello* at 112 (further concluding that "Section 1326(b) addresses the

trustee's percentage fee and this subsection authorizes the payment of such fee '[b]efore or at the

time of each payment to creditors under the plan' 11 U.S.C. section 1326(b). In light of this

language permitting the payment of the percentage fee before payments to creditors, the Court is

unpersuaded by the argument that Section 1326(b) only contemplates payment of the percentage

fee where there is a confirmed plan."). *Id.* at 113

In fact, courts have recognized that the percentage fee "looks more like a 'user's fee' than

anything else- and the user is the debtor." *See, In re Turner*, 168 B.R. 882, 887 (Bankr. W.D.

Tex. 1994). Thus, it should follow that the percentage fee should be paid whether or not the case is confirmed especially in cases like the case at bar where the Debtor availed herself of the protections that Chapter 13 provides and enjoyed the resources of both the Court and the chapter 13 system for fourteen (14) months, without confirming a plan.

The court, in *Turner*, recognized that "Congress has made a choice about how it wishes to fund the national chapter 13 program. This Court is not at liberty to alter or amend that choice. The apparent confusion amongst the various statutory phrases clears up when we employ the frame of analysis used here. Different parts of the statute are addressed to different concerns. We should not be too surprised that the language employed in each part is slightly different, colored by the unique concerns addressed in each part. It would be a mistake to read more into the language choices than that –and an even greater mistake to apply a hypertechnical, 'plain meaning' grammarian's ruler that ignores context." *See, In re Turner*, 168 B.R. 882, 891 (Bankr. W.D. Tex. 1994).

As the court in *Nardello* concluded:

> …the provision in Section 1326(a) for payments prior to confirmation and explicit reference in Section 1326(b) to taking a percentage fee *before* or at the time of payments to creditors suggests that confirmation is not required. Further, Section 1326(a) does not require the return of amounts intended to cover the percentage fee. The reading proposed by Appellant, which would require the return of amounts for the percentage fee where plans are unconfirmed, renders the mandatory language in Section 586 meaningless. Even courts holding that the standing trustee is not entitled to a percentage fee in cases dismissed before confirmation have acknowledged that such an outcome requires a tortured reading of Section 586(e)(2). *In re Acevedo*, 497 B.R. at 124. ("The Court acknowledges that its method of harmonizing the statutes is not totally satisfying – it is based on a somewhat unnatural reading of the first sentence of §582(e)(2)").

*Nardello* at 114. The percentage fee is earned and gets paid on all cases. This is the only harmonious reading of the statutes and the only reading that gives any credence the clear language of section 586 and its history.

Thus, it is respectfully submitted that the logic and analysis employed in the case law relied upon by the Appellees gives meaning to the words of the statutes, does not distort the words of the statutes, does not add words to the statutes, and coincides with the architecture of the Chapter 13 system and the changes made to §586 by the 1986 Amendments. Appellant's argument fails in each of the aforementioned aspects. In essence, Appellant's position would have Chapter 13 trustees paid upon distribution, not receipts.

Decisions such as *In re Evans* 615 B.R. 290 (Bankr. Idaho 2020), read the words "and hold" into the statute, completely changing the statute's directive:

> This Court's interpretation gives operative effect to each statute: §586(e)(2) directs the trustee to collect ***and hold*** the payments pending plan confirmation, while §1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation, including the trustee's percentage fee. (*Emphasis added.*)

*Evans* at 296. Appellees' position does not add words to the statute in order to reach their conclusion. And, as recognized by the court in *Nardello*, the *Acevedo* court recognized that its decision is based upon "a somewhat unnatural reading of the first sentence of §582(e)(2). *See, In re Acevedo* 497 B.R. 112, 124 (D.N.M. 2013).

Moreover, if Appellant's reading of the statute were correct, it would make a standing trustee's compliance with the second sentence of 28 U.S.C. 586(e)(2) virtually impossible. It would be a virtual impossibility for a standing trustee to both have to return money to a debtor in cases that are dismissed but also pay such money over to the United States trustee to be places in the Unites States Trustee System Fund.

13

Similarly, although not specifically argued by Appellant, the case law cited by the Appellant focuses on the differences in language between 11 U.S.C. 1226 and 11 U.S.C. 1326, however this difference in language should not be surprising. The fact of the matter is that Chapter 12 cases and Chapter 13 cases are vastly different both in how they are administered and how payments are made. It goes without saying that the statutes relating to the administration of these two proceedings will differ. The first sentence of 11 U.S.C. 1126 provides that "payments and funds received by the [chapter 12] trustee shall be retained" See U.S.C. 1226 (a), while 11 U.S.C. 1326 only relates to "payments." Thus, it is clear that these cases are funded differently and the statutes relating to them must also differ.

Finally, Appellant's reading of the relevant statutes leads to absurd results. Appellant's reading, in essence, leads to the conclusion that Congress made provisions in the statute for all other administrative expenses that can possibly relate to a chapter 13 proceeding except for those of the main administrator himself. Furthermore, Appellant's reading of the statute would have the inevitable result of having the successful cases, where plans are confirmed and payments are being disbursed to creditors, pay for the cases such as this Appellant's cases where the Appellant has availed herself of the protections of the Bankruptcy court on six (6) occasions but never actually confirmed a plan.

Based upon all of the foregoing, the Bankruptcy Court correctly denied the Debtor/Appellant's Motion to Disgorge.

14

C.  **Appellant's Motion to Disgorge was procedurally improper**

The Bankruptcy Court correctly concluded that the underlying motion was procedurally improper. Appellant did not object to the Trustee's final report, thus pursuant to Rule 5009, there is a presumption that the estate was fully administered. Federal Rule of Bankruptcy Procedure 5009(a) provides:

**Rule 5009.**

**Closing Chapter 7, Chapter 12, Chapter 13 and Chapter 15 Cases; Order Declaring Lien Satisfied**

    **(a) Closing of Cases Under Chapters 7, 12 and 13.** If in a chapter 7, chapter 12 or a chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered.

In the case at bar, the Trustee/Appellee filed his final report on October 2, 2020. The final report indicated all financial aspects of the case including the total amount paid in, the Trustee's percentage fee and the amount refunded to the Debtor/Appellant. There was no objection to the same filed by either the Debtor/Appellant nor the United States trustee/Appellee. Thus, as Judge Grossman correctly noted in the Memorandum Decision, there is a specific provision of the statute that deals directly with the issue herein and thus, the Bankruptcy Court correctly refrained from granting the Motion on equitable grounds.

The purpose of the final report and accounting, as required by § 704(a)(9), is to insure that bankruptcy trustees disclose and are held accountable for their handling of the estate. *Lopez-Stubbe v. Rodriguez-Estrada (In re San Juan Hotel Corp.)*, 847 F.2d 931, 939 (1st Cir. 1988). The United States Trustee is charged with the responsibility to review the accuracy and

correctness of a trustee's final report. 11 U.S.C. § 704(a)(9); 28 U.S.C. § 586. Therefore, as a general matter of procedure, bankruptcy courts only intervene in matters concerning a trustee's final report when an objection is filed. FED.R.BANK.P. 5009; *Eresian v. Koza (In re Koza)*, 375 B.R. 711, 718 (1st Cir. B.A.P. 2007). *See, In re Sarnovsky,* 436 B.R. 461 (Bankr. N.D. Ohio 2010).

Bankruptcy Courts are courts of equity, empowered to invoke, pursuant to 11 USCS § 105(a), equitable principles to achieve fairness and justice in reorganization process, however, this equitable power is not unlimited, and, thus, Bankruptcy Court may not exercise this power in contravention of provisions of Bankruptcy Code. *See, Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132 (2d Cir. 1994).

As Judge Grossman concluded in the underlying Memorandum Decision, "a request for disgorgement of the entire fee cannot be granted using the Court's equitable powers because there has been no wrongdoing by the Trustee, nor has the Trustee run afoul of an Order of this Court. In fact, the Trustee's conduct appears to be consistent with the practice of Chapter 13 trustees in this district and complies with the regulations recommended by the U.S. Trustee." Page 2 of the Memorandum Decision. Thus, the Bankruptcy Court correctly concluded that the underlying motion was procedurally improper. Appellant did not object to the Trustee's final report, thus pursuant to Rule 5009, there is a presumption that the estate was fully administered

## II.    THE BANKRUPTCY COURT CORRECTLY DENIED THE REQUEST

### FOR ATTORNEY'S FEES

Last, the Bankruptcy Court correctly denied Appellant's request for attorneys' fees under

the Federal Tort Claims Act. 28 U.S.C. §2675(a), in pertinent part, provides

> (a)    An action shall not be instituted upon a claim
> against the United States for money damages for injury or loss of
> property or personal injury or death caused by the negligent or
> wrongful act or omission of any employee of the government while
> acting within the scope of his office or employment, unless the
> claimant shall have first presented the claim to the appropriate
> Federal agency and his claim shall have been finally denied by the
> agency in writing and sent by certified or registered mail …

First, Appellant has made no showing that she has exhausted her administrative remedies.

There was no showing of a claim being filed with the appropriate Federal agency, nor a denial of

the same.  Exhaustion of administrative remedies is essential to actions against the United States

in Courts. *See, Fouts v. United States,* 67 F.2d 249 (5th Cir. 1933).

Second, the Trustee is not an employee of the government as required by 28 U.S.C.

1346(b).  *See, United States v. Crispo*, 306 F.3d 71 (2d Cir. 2002).  "The trustee, like a receiver,

is an officer of the court, appointed by the court, directed by the court, and paid by the court from

the funds of the court. He is in no sense an agent or employee of officer of the United States."

*Cromelin v. United States,* 177 F.2d 275, 277 (5th Cir.1949).

Finally, Appellants have failed to successfully argue that the Chapter 13 Trustee

committed a wrongful act. As discussed herein, the Trustee followed the clear language of the

relevant statutes and was in compliance with the Handbook for Chapter 13 Standing Trustees

promulgated by the United States Trustee.  Appellant attempts to argue that the United States

Trustee had an obligation to object to the Chapter 13 Trustee's final report all while Appellant and her counsel (the only party who had an objection to the same) reviewed the report and did not file an objection. Here, there can be no claim for attorney's fees under the statute since Appellant has not successfully commenced a proceeding under the statue.

Thus, it is respectfully submitted that the Debtor's claim for attorney's fees under the Federal Tort Claims Act must fail.

## CONCLUSION

Based on the foregoing, it is respectfully submitted that: (1) this Appeal should be dismissed in its entirety; or, alternatively, (2) that the Order of the Bankruptcy Court should be affirmed.

Dated: April 22, 2021
Islandia, New York

Peter Corey, Staff Attorney
Michael J. Macco,
Chapter 13 Standing Trustee
2950 Express Drive South – Suite 109
Islandia, New York 11749
(631) 549-7900

18