UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIA F. SOUSSIS,

                                Appellant,

          -against-

MICHAEL J. MACCO, *Chapter 13 Trustee*, AND
U.S. TRUSTEE,

                                Appellees.
-------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-05673 (JMA)

FILED
CLERK
1:03 pm, Jan 24, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**Appearances**

Jeffrey Herzberg
Jeffrey Herzberg, PC
300 Rabro Drive, Suite 114
Hauppauge, NY 11787
    *Attorney for Appellant*

Michael J. Macco
Peter Corey
2950 Expressway Drive South
Suite 109
Islandia, NY 11749
    *Attorneys for Appellee Michael Macco*

Andrew D. Velez-Rivera
U.S. Trustee's Office
U.S. Federal Office Bldg
201 Varick St, Room 1006
New York, NY 10014
    *Attorney for Appellee U.S. Trustee*

**AZRACK, United States District Judge:**

      Appellant Julia F. Soussis ("Appellant" or "Soussis"), the debtor in this Chapter 13 bankruptcy case, appeals from a November 12, 2020 Order (the "Bankruptcy Court Order") of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court")

1

denying Soussis's motion seeking: (1) disgorgement of the Chapter 13 Trustee's fees and (2) reimbursement of attorney's fees pursuant to the Federal Tort Claims Act ("FTCA"). (Bankruptcy Court Order, ECF No. 1-1; see In re Soussis, Bankr. No. 8-19-73686, ECF No. 48.) For the reasons set forth below, the Bankruptcy Court's judgement is **AFFIRMED**.

## I.  BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the Bankruptcy Record on Appeal (ECF No. 3), the filings in Appellant's bankruptcy proceeding, and the briefs filed by the parties in this case.

On May 20, 2019, Appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code. (Bankr. No. 8-19-73686, ECF No. 1.) On June 18, 2019, Appellant filed a proposed plan. (Bankr. No. 8-19-73686, ECF No. 8.) On June 29, 2020, Appellant filed an application to dismiss her case, and on June 30, 2020, the Bankruptcy Court dismissed the case. (Bankr. No. 8-19-73686, ECF No. 37.) Following dismissal, the Chapter 13 Trustee filed his final report of receipts and disbursements in Appellant's case ("Final Report"). The Chapter 13 Trustee retained $20,592 for his statutory fees and expenses. (Bankruptcy Court Order at 5.) On August 11, 2020, Appellant filed the motion requesting disgorgement of the Chapter 13 Trustee's fees and reimbursement of attorney's fees. (Bankr. No. 8-19-73686, ECF No. 41.)

On November 12, 2020, the Bankruptcy Court denied Appellant's motion. (Bankruptcy Court Order.) First, the Bankruptcy Court denied Appellant's motion for disgorgement of the Chapter 13 Trustee's fees. As to Appellant's argument that the fees were excessive, the Bankruptcy Court found that it lacked the authority to grant partial disgorgement of the fees because the fee amount is mandated by statute and the Bankruptcy Court cannot use its equitable

powers to modify the amount[1]. (Id. at 7-11.) The Bankruptcy Court also found that there was no equitable basis for disgorgement. (Id. at 11-12.) As to Appellant's second argument—namely, that the Chapter 13 Trustee could not receive fees because the plan was unconfirmed—the Bankruptcy Court found that, as an initial matter, the motion for disgorgement was not the proper vehicle to raise this issue, but rather, Appellant should have proceeded by objecting to the Final Report. (Id. at 13.) The Bankruptcy Court then concluded that, even if Appellant had filed a procedurally appropriate objection, the motion would still fail because "[a] plain reading of 28 U.S.C. § 586 reveals that the Trustee collects his percentage fee regardless of whether the plan is confirmed," and that this interpretation of § 586 was consistent with 11 U.S.C. § 1326. (Id. at 13-16.)

Second, the Bankruptcy Court denied Appellant's motion for attorney's fees from the U.S. Trustee and/or the Chapter 13 Trustee pursuant to the FTCA. The Bankruptcy Court held that Appellant's failure to exhaust administrative remedies prior to filing the motion deprived the court of subject matter jurisdiction over the FTCA claim. (Id. at 22-23.) With respect to the Chapter 13 Trustee, the Bankruptcy Court held that Appellant's claim failed for the additional reason that the FTCA "expressly limits its application to government employees only" and "[u]nfortunately for the [Appellant], the [Chapter 13] Trustee is not a government employee." (Bankruptcy Court Order at 21.)

On November 13, 2020, Appellant filed a notice of appeal from the Bankruptcy Court's November 12, 2020 Order. (ECF No. 1-1.) On February 12, 2021, Appellant filed her appellate brief. (ECF No. 4.) The Chapter 13 Trustee and U.S. Trustee filed briefs in opposition on April

---

[1] It appears that Appellant disclaims this argument on appeal. See Appellate Brief, ECF No. 4 ("Soussis is not seeking to utilize the provisions of Section 105(a) as 'a roving commission to do equity' . . . Soussis never sought to cause the Bankruptcy Court to determine the amount of the Chapter 13 trustee fees.")

22 and April 23, 2021, (ECF No. 6, 8), and on May 3, 2021, Appellant filed her reply brief. (ECF No. 9.) On May 26, 2021, Appellant filed a supplemental letter (ECF No. 11) to which the U.S. Trustee responded (ECF No. 12.) On July 22, 2021, the U.S. Trustee filed a letter regarding additional supplemental authority. (ECF No. 13.)

## II. DISCUSSION

### A. Standard of Review

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). District courts review a bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Charter Commc'ns, Inc., 691 F. 3d 476, 483 (2d Cir. 2012). In addition, a district court "'may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below.'" Wenegieme, 580 B.R. at 21 (quoting In re Miller, Nos. 08-CV-4305, 08-CV-4306, 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009)); Bristol v. DeRosa, No. 09-CV-3730, 2010 WL 3924911, at *2 (E.D.N.Y. Sept. 30, 2010). Here, Appellant only raises issues of law which the Court reviews de novo.

### B. Analysis

Having carefully reviewed the Bankruptcy Court's conclusions of law de novo, this Court concludes that the Bankruptcy Court properly denied Appellant's motion.

First, the Court agrees with the Bankruptcy Court's well-reasoned interpretation that Section 586 entitles the Chapter 13 Trustee to "collect[] his percentage fee regardless of whether the plan is confirmed" and that that this interpretation of Section 586 is consistent with 11 U.S.C.

4

§ 1326.  (Bankruptcy Court Order at 13-16.)  Furthermore, a recent decision by the Bankruptcy Appellate Panel of the Ninth Circuit, decided after the Bankruptcy Court's Order, further supports this interpretation.  See In re Harmon, No. 1:19-BK-01424-TLM, 2021 WL 3087744, at *2 (B.A.P. 9th Cir. July 20, 2021) (holding that "a standing trustee is entitled to collect the statutory fee under § 586(e) upon receipt of each payment under the plan and is not required to disgorge the fee if the case is dismissed prior to confirmation."); see also Nardello v. Balboa (In re Nardello), 514 B.R. 105 (D.N.J. 2014).  While some courts have interpreted the relevant statutes to reach a contrary conclusion, the Court agrees with the interpretation set out by the Bankruptcy Court, In re Harmon, and In re Nardello.

Second, the Court agrees that Appellant's motion for attorney's fees pursuant to the FTCA is meritless.  As explained by the Bankruptcy Court, the Bankruptcy Court lacked subject matter jurisdiction over the FTCA claim because Appellant failed to exhaust her administrative remedies as required by 28 U.S.C. § 2675(a).  (Bankruptcy Court Order at 22-23); see McNeil v. United States, 508 U.S. 106, 107 (1993) (the FTCA provides that an "'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies") (quoting 28 U.S.C. § 2675(a)).  Section 2675 requires that a party exhaust her administrative remedies by presenting the claim to the appropriate federal agency and receiving a final denial.  28 U.S.C. § 2675(a).  The Bankruptcy Court correctly explained that Appellant "made no attempt to comply with 28 U.S.C. §2675, and therefore the United States has not consented to suit."  (Bankruptcy Court Order at 22.)  Furthermore, the Court agrees with the Bankruptcy Court's finding that the FTCA waives sovereign immunity only for employees of the government and the Chapter 13 Trustee is not an employee of the government.  See U.S. v. Crispo, 306 F.3d 71, 78 (2d Cir. 2002).

5

Accordingly, the Court affirms the Bankruptcy Court's denial of Appellant's motion.

### III.     CONCLUSION

The order appealed from is **AFFIRMED** and Appellant's appeal is **DENIED**

**SO ORDERED.**

Dated:  January 24, 2022
Central Islip, New York

`     /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE