UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIA F. SOUSSIS,

                Plaintiffs,

    -against-

MICHAEL J. MACCO, *Chapter 13 Trustee*,
AND U.S. TRUSTEE,

                Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
20-cv-5673 (JMA)

FILED
CLERK
5/21/2025 2:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

In this bankruptcy appeal, Debtor-Appellant Julia Soussis challenged the bankruptcy court's determination that the standing trustee in a Chapter 13 bankruptcy proceeding is paid the statutory percentage fee when a case is dismissed before a repayment plan is confirmed by the bankruptcy court.[1] In the proceedings before the Bankruptcy Court, Soussis filed for Chapter 13 bankruptcy, proposed a repayment plan, and made $362,100 in pre-confirmation payments to the standing trustee administering her case. As required by Section 1326(a)(2) of title 11, the standing trustee "retained" those payments pending Bankruptcy Court approval ("confirmation") of her proposed plan. Before the court held a hearing on whether to confirm the plan and before any debts were discharged, however, Soussis asked the court to dismiss her case. The standing trustee returned most of Soussis's $326,100 in pre-confirmation payments to her, as directed by Section 1326(a)(2), but he kept $20,592 (5.7%) for his percentage fee. The Bankruptcy Court denied Soussis's motion for disgorgement of that sum, and this Court affirmed.

---

[1] The Court presumes familiarity with the background and procedural posture of this case. Relevant facts for the purposes of this Order are taken from the Second Circuit's opinion in In re Soussis, No. 22-155, 2025 WL 1350028, at *1 (2d Cir. May 9, 2025); the previous opinion of this Court in Soussis v. Macco, No. 20-CV-05673 (JMA), 2022 WL 203751, at *1 (E.D.N.Y. Jan. 24, 2022); and the Bankruptcy Court's decision in In re Soussis, 624 B.R. 559, 563 (Bankr. E.D.N.Y. 2020).

On appeal, the Second Circuit held that "a standing trustee cannot keep any percentage fee he collects from the debtor's preconfirmation payments if no plan is confirmed." In re Soussis, No. 22-155, 2025 WL 1350028, at *1 (2d Cir. May 9, 2025). In doing so, the Second Circuit reversed the judgment of this Court and remanded "with instructions to the District Court to enter judgment granting Soussis's disgorgement motion." See id. at *21.

The Court hereby REVERSES Bankruptcy Court's judgement as to Debtor-Appellant Soussi's disgorgement motion and GRANTS the disgorgement motion. The standing trustee is hereby ordered to return the $20,592 to Debtor-Appellant.

**SO ORDERED.**

Dated:   May 21, 2025
         Central Islip, New York

                                                /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE