UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

FILED
CLERK
9/28/2026 3:31 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-------------------------------------------------------------------X
JULIA F. SOUSSIS,

Plaintiff,

-against-

**ORDER**
20-cv-5673 (JMA)

MICHAEL J. MACCO, Chapter 13 Trustee, and U.S. TRUSTEE,

Defendants.
-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

On May 27, 2026, the Second Circuit remanded this case on the limited issue of prejudgment interest against Macco. The Second Circuit's decision stated, in relevant:

> We thus must vacate and remand for the district court to exercise its discretion with respect to a prejudgment interest award against the standing trustee. Soussis requests, however, that this Court reverse the judgment below and instruct the district court to award prejudgment interest. But we decline to do so. Awards of prejudgment interest "should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." Wickham Contracting Co. v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO, 955 F.2d 831, 833–34 (2d Cir. 1992). We have noted that "[t]he relative equities may make prejudgment interest inappropriate when the defendant acted innocently and had no reason to know of the wrongfulness of his actions; when there is a good faith dispute between the parties as to the existence of any liability; or when the plaintiff himself is responsible for the delay in recovery." Id. at 834 (citations omitted). The district court is best situated to address these considerations in the first instance.

In re Soussis, No. 25-1561, 2026 WL 1480379, at *3 (2d Cir. May 27, 2026).

As explained below, the Court finds that there was a good faith dispute between the parties concerning whether the percentage fee had to be returned and, given all the circumstances here, an award of prejudgment interest is not warranted.

The Second Circuit's decision in In re Soussis, 136 F.4th 415, 426 (2d Cir. 2025) engaged in a complicated statutory interpretation analysis and ultimately found in Soussis's favor. The Second Circuit joined three other circuits that had all only recently reached the same conclusion. The earliest of these decision is a Ninth Circuit decision from 2023, which post-dates both the bankruptcy court's decision and this Court's January 2022 decision that had ruled against Soussis. As noted in this Court's January 22, 2022 decision, a 2021 decision from the Bankruptcy Appellate Panel of the Ninth Circuit had sided with the Trustees' interpretation in a case of "first impression" in the Ninth Circuit. See In re Harmon, No. 1:19-BK-01424-TLM, 2021 WL 3087744, at *1 (B.A.P. 9th Cir. July 20, 2021).

Additionally, as Judge Grossman's order noted, the "Handbook for Chapter 13 Standing Trustees," in effect during the events in question, "provide[d] that Chapter 13 trustees shall keep the percentage fee in cases dismissed prior to confirmation unless 'there is controlling law in the district requiring such reversal' or if the Chapter 13 trustee determines that there are 'other grounds for concern in the district.'" In re Soussis, 624 B.R. 559, 569 (Bankr. E.D.N.Y. 2020) (quoting Trustee Handbook for Chapter 13 Standing Trustees, Effective October 1, 2012).

While the Court previously awarded Soussis prejudgment interest (before reversing course based on the sovereign immunity argument that the Second Circuit subsequently rejected in part), none of the parties' prior cursory submissions cited any caselaw concerning the discretionary nature of the prejudgment interest at issue.

In ruling on this issue, the Court has reviewed and considered the briefs that the parties filed with the Second Circuit in connection with their most recent appeal. Since the Second Circuit's mandate was docketed on July 22, 2026, no party has filed anything with the Court to supplement their prior arguments.

Given all the circumstances, the Court finds an award of prejudgment against Macco is ultimately not warranted here. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: September 28, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE